DLD-016                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3222
_____

IN RE: SIMEON BOZIC,

                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 2:17-cv-01810)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 19, 2017
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed October 24, 2017)
_____

OPINION*
_____

PER CURIAM

    Petitioner Simeon Bozic petitions for a writ of mandamus.  For the reasons that

follow, we will deny the petition.

    Bozic has a pending habeas action in the United States District Court for the

Eastern District of Pennsylvania that challenges his convictions and sentence of life

imprisonment without parole.  See Bozic v. Gilmore, D.C. Civ. No. 2:17-cv-01810.  The

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court referred the case to a Magistrate Judge. On May 15, 2017, the Magistrate Judge ordered the government to answer the 28 U.S.C. § 2254 petition within 45 days. On June 30, 2017, Bozic filed a memorandum of law in support of his habeas petition. On August 11, 2017, Bozic filed a motion for summary judgment based on the government's failure to timely answer his petition. On August 22, 2017, the government filed a motion for a new briefing schedule. In that motion, the government asked for leave to answer the petition within 90 days of the filing of Bozic's June 30, 2017 memorandum of law. Bozic objected to the government's motion. The Magistrate Judge then set a deadline of September 29, 2017, for the government's response. On September 25, 2017, Bozic objected to the District Court's order setting that new deadline.

Bozic then filed a mandamus petition that was signed on October 3, 2017, and docketed on October 12, 2017. In his petition, he asks us to issue an order directing the District Court to set aside its order granting the government's motion to extend the time to file a response to the habeas petition, and to grant his motion for summary judgment. In the meantime, the government filed another extension request in the District Court on October 9, 2017. On October 13, 2017, the Magistrate Judge granted that motion and set a new response deadline of December 28, 2017.

We will deny the petition for a writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate

2

means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, Bozic has an adequate means of relief. He may, if necessary, appeal from the District Court's eventual rulings on his motion for summary judgment and on his habeas petition, rather than seeking mandamus relief here. To the extent he argues that the District Court should rule on his motion before the government answers his petition, that argument lacks merit. Matters of docket control are generally within the discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Especially in light of the filings that have been made in the meantime, any delay since Bozic filed his memorandum of law in June 2017 does not amount to a failure to exercise jurisdiction. See Madden, 102 F.3d at 79. We are confident that the District Court will rule on the habeas petition and motion for summary judgment in due time, after the government's answer is filed.

For the foregoing reasons, we will deny the petition for a writ of mandamus.